IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHAWN OLALI | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-CV-203-P |
| | § | |
| CVS, INC. | § | |
|     *Defendant*. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING JOINT MOTION TO COMPEL ARBITRATION AND STAY LITIGATION

Pending before the Court is the Parties' Joint Motion to Compel Arbitration and Stay Litigation [doc. 20], filed May 16, 2024. Having reviewed the motion and applicable law, the Court finds that arbitration is required under the contract. Accordingly, the Court **RECOMMENDS** that the motion be **GRANTED** with regard to the compelling of arbitration.

Next, the Court turns to the Parties' motion for the Court to "stay all further proceedings in this case pending the completion of arbitration." (Joint Motion to Compel at 1). Fifth Circuit precedent is clear that that dismissal without prejudice is proper "when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992); *see also Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 839 (5th Cir. 2018) ("Some circuits have held that district courts must stay a case when all claims are submitted to arbitration, but this circuit allows district courts to dismiss such claims outright"); *Adam Techs. Int'l S.A. de CV v. Sutherland Global Servs., Inc*., 729 F.3d 443, 447 n.1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'") (quoting *Alford*, 975 F.2d

at 1164)).  Here, the parties agree that all of Plaintiff's claims must be submitted to arbitration under the Parties' contract.  Therefore, the Court finds that a dismissal without prejudice is proper. Consequently, the undersigned **RECOMMENDS** that the Parties' motion be **DENIED** with regard to the stay, and that the case be **DISMISSED without prejudice** under the applicable Fifth Circuit precedent.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document.  The United States District Judge need only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendations to which specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge.  *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 6, 2024**, to serve and file written objections to the United States Magistrate Judge's proposed

2

findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 23, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3